IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIEKO LEGETT, <br><br>    Petitioner, <br><br>v. <br><br>GLORIA HENRY, <br><br>    Respondent. | No. C 06-3260 MMC (PR) <br><br>**ORDER TO SHOW CAUSE; DENYING APPOINTMENT OF COUNSEL** <br><br>**(Docket No. 4)** |

On May 17, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. She has paid the filing fee.

**BACKGROUND**

Petitioner was convicted of first degree murder with special circumstances (i.e. murder committed while engaged in a robbery) in Santa Clara County Superior Court and sentenced to a term of life in prison without the possibility of parole. The California Court of Appeal affirmed and the Supreme Court of California denied the petition for review as well as a petition for a writ of habeas corpus filed thereafter.

**DISCUSSION**

A.   <u>Initial Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an

1  order directing the respondent to show cause why the writ should not be granted, unless it
2  appears from the application that the applicant or person detained is not entitled thereto."
3  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the
4  petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See
5  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison,
6  431 U.S. 63, 75-76 (1977)).

In the instant petition, petitioner claims: (1) the admission of expert testimony violated her right to due process; (2) the admission of "profiling" evidence violated her right to due process; (3) the admission of "modus operandi" evidence violated her right to due process; and (4) she received ineffective assistance of counsel because her attorney (a) failed to conduct a proper investigation and prepare an adequate defense, (b) failed to properly object to the admission of expert testimony, (c) failed to object to her sentence as disproportionate to the crime, and (d) failed to present exculpatory evidence at trial, specifically handwritten letters by petitioner's co-defendant admitting guilt.

Liberally construed, these claims are cognizable.

B.  Motion for Appointment of Counsel

Petitioner has filed a motion for appointment of counsel, which is contained in her initial filing.  Petitioner has adequately presented her claims in the petition.  Consequently, the interests of justice do not require appointment of counsel in the instant case at this time. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (holding Sixth Amendment's right to counsel does not apply in habeas actions).  Should the circumstances change materially at a later stage of the litigation, the Court will reconsider this decision sua sponte.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.  The Clerk of the Court shall serve by certified mail a copy of this order, the amended petition and  the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within 90 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim in the petition.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the amended petition.

If petitioner wishes to respond to the answer, she shall do so by filing a traverse with the Court and serving it on respondent within 30 days of the date the answer is filed.

3. In lieu of an answer, respondent may file, within 90 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. The motion for appointment of counsel is DENIED.

This order terminates Docket No. 4.

IT IS SO ORDERED.

DATED: February 12, 2007

_____
MAXINE M. CHESNEY
United States District Judge

3