IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIEKO LEGGETT, | No. C 06-3260 MMC (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| GLORIA HENRY, Warden, | |
| Respondent. | |

On May 17, 2006, petitioner Mieko Leggett, a California state prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which she challenges the constitutional validity of her convictions. In response to the Court's order directing respondent to show cause as to why relief should not be granted, respondent has filed an answer; petitioner has filed a traverse. Having reviewed the parties' respective submissions as well as the underlying record, the Court concludes petitioner is not entitled to relief based on the claims presented and, accordingly, will deny the petition.

**PROCEDURAL BACKGROUND**

In 2002, a Santa Clara County Superior Court jury found petitioner and her co-defendant, Clarence Kibler ("Kibler"), guilty of first degree murder, see Cal. Pen. Code § 187, and also found true a special circumstance allegation that the murder was committed while the pair was engaged in the commission of a robbery, see id. § 190.2 (a)(17). The trial court sentenced petitioner to life without the possibility of parole. Petitioner appealed. The

California Court of Appeal for the Sixth Appellate District affirmed the judgment with one minor exception,[1] (Ans. Ex. 1 at 1–2), and the California Supreme Court denied petitioner's petition for review and her habeas petition (id. Exs. 6 & 8).

**FACTUAL BACKGROUND**

Evidence presented at trial showed that in 2000 at a gasoline station in San Jose, petitioner lured the attendant, Garindar Singh, into the bathroom on the promise of sex. While the two were in the bathroom, Kibler entered and beat Singh, and, after unsuccessfully using Singh's keys to open the cash register, shot him to death. The pair then took Singh's wallet and stole items from the gas station market. (Id. at 3–4.)

**DISCUSSION**

As grounds for federal habeas relief, petitioner alleges (1) the admission of Sergeant Ponte's expert testimony violated her right to due process in various ways; and (2) she received ineffective assistance of counsel, in violation her rights under the Sixth Amendment.

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412–13 (2000). A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1). Habeas

---

[1] The state appellate court struck the restitution fine imposed by the trial court. (Ans. Ex. 1 at 26.)

relief is warranted only if the constitutional error at issue had a "'substantial and injurious effect or influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 796 (2001).

The state court decision implicated by § 2254(d) is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803–04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091–92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to have considered the petitioner's claims, the district court looks to the last reasoned state court opinion, which, in this instance, is the decision of the California Court of Appeal on direct review of petitioner's conviction. See Nunnemaker, 501 U.S. at 801–06; Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

B. Petitioner's Claims

1. Admission of Sergeant Ponte's Testimony

Petitioner claims the trial court violated her right to due process by admitting the testimony of Sgt. Michael Ponte ("Sgt. Ponte"), who testified as an expert witness on the subject of "gas station modus operandi involving a man and a woman." (Pet. at 6.) Petitioner claims the admission of Sgt. Ponte's testimony violated her right to due process because it (a) was more prejudicial than probative; (b) constituted improper profiling evidence; and (c) constituted improper modus operandi evidence.

Sgt. Ponte,[2] a San Jose police officer, testified that male-female criminal duos often have the female lure a male employee away from his station, allowing the male criminal to attack and disable the employee, thereby facilitating a robbery. (Ans. Ex. 11E at 834ff.)

(a) Probative Value

Petitioner claims Sgt. Ponte's testimony was more prejudicial than probative, in violation of her due process right to a fair trial. (Pet. at 6.) The state court rejected petitioner's claim that the testimony was prejudicial, finding:

Sergeant Ponte's expert testimony 'merely described the modus operandi of a

---

[2] Sgt. Ponte had interviewed petitioner's co-defendant, Kibler, after the pair had been arrested. (Ans. Ex. 1 at 11.)

3

> certain class of criminals,' [ ] that is, those that work as male/female pairs to rob gas stations. His testimony was not necessary to fill a factual gap in the prosecution's case. He merely gave the jurors background 'from which they could infer that the somewhat unusual acts on the part of the respective defendants were motivated by an intent' to accomplish a gas station robbery.

(Ans. Ex. 1 at 18–20.)

The admission of evidence is not subject to federal habeas review unless a specific constitutional guarantee is violated or the error is of such magnitude that the result is a denial of the fundamentally fair trial guaranteed by due process. See Henry v. Kernan, 197 F.3d 1021, 1031 (9th Cir. 1999). The due process inquiry in federal habeas review asks whether the admission of evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair. See Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995). Only if there are no permissible inferences that the jury may draw from the evidence can its admission violate due process. See Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991).

Petitioner has not shown the admission of Sgt. Ponte's testimony violated her right to due process. Petitioner testified at trial, and, according to her testimony, had no intention of attacking Singh or committing a robbery, was not involved in any planning of the attack or robbery, and was surprised when Kibler attacked Singh. Rather, according to petitioner's testimony, she had visited the gas station without Kibler earlier in the day, before the attack, and, while there, had arranged to have sex with Singh for money later in the day. Petitioner further testified that when she was leaving to meet Singh, she told Kibler about her plans, at which time he insisted on going with her. Petitioner testified that at the gas station, petitioner told Kibler to wait in the car, that Singh took her to the gas station bathroom, and that shortly thereafter Kibler entered and struck Singh, and then left the bathroom. According to petitioner, she had asked Kibler to stop, tried to use her mace to try to stop the attack, and, after Kibler left the bathroom, attended to Singh's wounds, but that Kibler returned to the bathroom, attacked Singh again, and finally shot him to death. Thereafter, according to petitioner's account, she walked to the car, Kibler tried to open the cash register, Kibler then returned to the car, and the pair drove off. (Ans. Ex. 2 at 9-10.)

4

Given petitioner's testimony, the information provided by Sgt. Ponte's testimony was neither arbitrary nor prejudicial. In particular, a reasonable inference could be drawn therefrom that petitioner was an active and knowing participant in the criminal acts charged. Consequently, the admission of such evidence was not error, nor was the state appellate court's determination unreasonable.

Accordingly, petitioner is not entitled to habeas relief on this claim.

(b)  Profiling Evidence

Petitioner claims Sgt. Ponte's testimony constituted impermissible profiling evidence. (Pet. at 6.)

A "profile" is "simply an investigative technique." U.S. v. Robinson, 978 F.2d 1554, 1563 (10th Cir. 1992). "It is nothing more than a listing of characteristics that in the opinion of law enforcement officers are typical of a person engaged in a specific illegal activity." Id. (defining "drug carrier profile" as "an abstract of characteristics found to be typical of persons transporting illegal drugs") (internal quotation and citation omitted). Although a profile may be helpful as an investigative tool, "courts have declared testimony concerning the defendant's alignment with a particular profile incompetent as direct evidence of guilt." Id. at 1564.

Here, petitioner's claim fails because Sgt. Ponte's testimony was not evidence of a profile, but, rather, expert testimony that was offered to assist the jury in understanding the evidence and that allowed them to draw reasonable inferences with respect to petitioner's participation in the events at issue.

Accordingly, petitioner is not entitled to habeas relief on this claim.

3.  Modus Operandi Evidence

Petitioner's claim that the admission of Sgt. Ponte's testimony as modus operandi evidence violated her right to due process is a reiteration of her claim that the admission of Sgt. Ponte's expert testimony deprived her of her due process right to a fair trial. Such claim fares no better at this point in the analysis. Indeed, the Ninth Circuit has upheld as proper the introduction of expert testimony where it is "admitted to assist the jury in understanding

modus operandi in a complex criminal case." U.S. v. Cordoba, 104 F.3d 225, 230 (9th Cir. 1997) (holding modus operandi evidence of drug traffickers properly admitted to assist jurors in understanding criminal plan).

Accordingly, petitioner is not entitled to habeas relief on this claim.

4.   Assistance of Counsel

Petitioner claims her trial counsel rendered ineffective assistance because he failed to: (a) conduct a proper investigation and prepare an adequate defense; (b) properly object to the admission of expert testimony; (c) object to her sentence as violative of the Eighth Amendment; and (d) present exculpatory evidence at trial, specifically, Kibler's handwritten letters admitting guilt.

Claims of ineffective assistance of counsel are examined under Strickland v.Washington, 466 U.S. 668 (1984). In order to prevail on a claim of ineffectiveness of counsel, petitioner must establish two things. First, she must establish her counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. Id. at 687–68. Second, she must establish she was prejudiced by her counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. Where a petitioner is challenging his/her conviction, the appropriate question is "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

(a)   Investigation

At trial, petitioner testified she became addicted to crack cocaine at the time she began her relationship with Kibler, approximately six months before the charged offense. Petitioner claims her trial counsel rendered ineffective assistance by failing to find and call an expert witness to testify about the effects of crack cocaine. Petitioner contends such an expert witness would have presented evidence favorable to the defense, including evidence that "drug addiction constitutes a mitigating circumstance as a mental or physical condition that

6

significantly reduces culpability."[3]  (Pet. at 16.)

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691. The duty to investigate and prepare a defense does not require that every conceivable witness be interviewed. Hendricks v. Calderon, 70 F.3d 1032, 1040 (9th Cir. 1995). A petitioner's mere speculation that a witness might have given helpful information if interviewed is not enough to establish ineffective assistance. See Bragg v. Galaza, 242 F.3d 1082, 1087 (9th Cir. 2001), amended, 253 F.3d 1150 (9th Cir. 2001).

Here, petitioner has failed to show trial counsel's performance was deficient. Specifically, petitioner's own testimony at trial (Ans. Exs. 11D–11E) demonstrated petitioner fully understood the nature and consequences of her acts as she was committing them. Her defense was not that she committed the charged acts while under the influence, but, rather, that she did not commit them at all. Given the nature of the defense, petitioner's counsel had no reason to consider calling a witness to testify about the effects of drugs on the formation of criminal intent, and, indeed, any such testimony might have undermined petitioner's detailed account of the events. Under such circumstances, the Court cannot say trial counsel was deficient in failing to call such a witness to testify.

Accordingly, petitioner is not entitled to habeas relief on this claim.

(b)   Sergeant Ponte's Testimony

Petitioner claims her trial counsel rendered ineffective assistance when he failed to properly object to the admission of Sgt. Ponte's expert testimony. (Pet. at 19.) The state appellate court rejected this claim, stating: "Since we have determined that Sergeant Ponte's testimony was properly admitted, Kibler and [petitioner] have failed to establish any prejudice." (Ans. Ex. 1 at 21.)

---

[3] The state appellate court did not address this claim in its above-described written opinion because petitioner did not raise the issue on direct appeal, but rather in her state habeas petitions.

7

1    Petitioner's claim is without merit.  First, trial counsel did object to Sgt. Ponte's
2 testifying as an expert witness, and asserted that his testimony was more prejudicial than
3 probative. (Ans. Ex. 11E at 818–19.)  Second, it is both reasonable and not prejudicial for an
4 attorney to forego a meritless objection.  See Juan H. v. Allen, 408 F.3d 1262, 1273 (9th Cir.
5 2005) (holding attorney's decision not to file meritless motion neither unreasonable nor
6 prejudicial).  Here, petitioner contends trial counsel should have objected on "due process"
7 grounds.  Petitioner has not shown, however, the assertion of such additional ground would
8 have resulted in a successful motion.  As discussed above, the admission of Sgt. Ponte's
9 expert testimony was neither erroneous nor prejudicial.  Under such circumstances, trial
10 counsel's failure to make such an objection constituted neither ineffective assistance nor
11 prejudicial error.
12    Accordingly, petitioner is not entitled to habeas relief on this claim.
13        (c)    Sentence
14    Petitioner claims her trial counsel rendered ineffective assistance when he failed to
15 object to her life sentence as cruel and unusual punishment under the Eighth Amendment,
16 and, in particular in light of the evidence that Kibler, not petitioner, beat up and shot Singh.
17 (Pet. at 22.)  The state appellate court rejected petitioner's claim, finding petitioner's role in
18 the crime was not passive, and, indeed, that it was "significant," in that "she set the stage for
19 the brutal attack," she "not only stood by and watched, but also sprayed [ ] Singh with dog
20 repellent to disable him," and "acted as [a] 'lookout' to ensure that [ ] Singh did not leave the
21 bathroom." (Ans. Ex. 1 at 24.)
22    A criminal sentence that is not proportionate to the crime for which the defendant was
23 convicted violates the Eighth Amendment.  Solem v. Helm, 463 U.S. 277, 303 (1983).
24 Nevertheless, it is anticipated that "outside the context of capital punishment, successful
25 challenges to the proportionality of particular sentences will be exceedingly rare."  Id. at
26 289–90.  Eighth Amendment jurisprudence "gives legislatures broad discretion to fashion a
27 sentence that fits within the scope of the proportionality principle — the precise contours of
28 which are unclear."  Lockyer v. Andrade, 538 U.S. 63, 76 (2003) (internal quotations and

8

1 citations omitted). "The Eighth Amendment does not require strict proportionality between
2 crime and sentence. Rather, it forbids only extreme sentences that are 'grossly
3 disproportionate' to the crime." Ewing v. California, 538 U.S. 11, 23 ( 2003) (quoting
4 Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J ., concurring)).

A challenge to the proportionality of a sentence is analyzed using objective criteria, including: (1) the gravity of the offense and harshness of the penalty; (2) a comparison of sentences imposed on other criminals in the same jurisdiction; and (3) a comparison of sentences imposed for the same crime in other jurisdictions. Solem, 463 U.S. at 290–92. Substantial deference is granted to a legislature's determination of the types and limits of punishments for crimes. See U.S. v. Gomez, 472 F.3d 671, 673–74 (9th Cir. 2006).

"Comparative analyses of sentences for other crimes," however, "is only appropriate 'in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.'" U.S. v. Harris, 154 F.3d 1082, 1084 (9th Cir. 1998) (quoting Harmelin, 501 U.S. at 1005).

In Harmelin, the Supreme Court upheld a life sentence without the possibility of parole for an offender who had no prior felony convictions and had been convicted of possessing 672 grams of cocaine. See Harmelin, 501 U.S. at 995, 961. Given that determination, petitioner cannot establish that her sentence was grossly disproportionate to her crimes. Specifically, if a life sentence for a nonviolent drug possession crime by a defendant with no prior felony convictions has been found not to violate the Eighth Amendment, this Court cannot say petitioner's life sentence for an extremely violent and calculated first degree murder violates the Eighth Amendment.[4] Because petitioner has not made the threshold showing that the crime committed and the sentence imposed are grossly disproportionate, see Harris, 154 F.3d at 1084, petitioner is, and was, unable to demonstrate an Eighth Amendment violation. Consequently, because petitioner's sentence was not

---

[4] Additionally, unlike Harmelin, who had no prior felony convictions, petitioner had a felony conviction (for false impersonation), as well as two misdemeanor convictions for disturbing the peace, two misdemeanor convictions for driving with a revoked and suspended license, and one misdemeanor conviction for battery. (Ans. Ex. 1 at 24.)

1 unconstitutional under the Eighth Amendment, any failure by her trial counsel to object
2 thereto on grounds that it violated the Eighth Amendment would have been unavailing.

Accordingly, petitioner is not entitled to habeas relief on this claim.

### (d)   Allegedly Exculpatory Evidence

Petitioner claims her trial counsel rendered ineffective assistance when he failed to present exculpatory evidence at trial, specifically two handwritten letters written by petitioner's co-defendant, Kibler. Petitioner states she gave the letters to trial counsel during trial.[5] (Pet. at 24.)

In those letters, Kibler stated that he loves petitioner, that he was willing to even "take a bullet to the head" to free her from custody or to prove her innocence, and that he was fully responsible for the crime; in the letters, Kibler also admitted that he shot "the dude," but stated it "was an accident." (Pet. Exs. A & B.)

Petitioner has not shown that trial counsel, if indeed he had the letters at the time of trial, was deficient in not offering them in evidence, or that any such failure resulted in prejudice to petitioner. As an initial matter, the Court notes that Kibler's written description of the events constitutes inadmissible hearsay under California law. See Cal. Evid. Code § 1200. Further, whatever probative value the letters have is severely undercut by Kibler's declaration that he was willing to do anything to free petitioner. Moreover, Kibler's remarks therein are conclusory in nature, in that the letters contain no description of the crime, beyond who pulled the trigger. On this record, petitioner has not shown a reasonable probability exists that a different verdict would have resulted if the letters, whose probative value is subject to serious question and which were countered by strong evidence presented by the prosecution, had been admitted into evidence.

Accordingly, petitioner is not entitled to habeas relief on this claim.

---

[5]The state appellate court did not address this claim in its above-referenced written opinion because petitioner did not raise the issue on direct appeal, but rather in her state habeas petitions.

## CONCLUSION

For the foregoing reasons, the Court concludes the California Court of Appeal did not render a decision that was contrary to, or constituted an unreasonable application of, clearly established federal law, or entailed an unreasonable determination of the facts.

Accordingly, the petition for a writ of habeas corpus is hereby DENIED.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

DATED: September 30, 2009


MAXINE M. CHESNEY
United States District Judge